UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID COOPER,

Plaintiff,

**Hon. Hugh B. Scott**

v.

08CV468S

**Order**

NIAGARA COMMUNITY ACTION PROGRAM,

Defendant.

Before the Court is defendant's motion to compel production of plaintiff's initial

disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(effective Dec. 1, 2007), and for reimbursement

of its reasonable motion expenses, including attorney's fees, pursuant to Rule 37(a) (Docket

No. 14[1]).  Responses to this motion were due by January 6, 2009, and any reply was due by

January 13, 2009, with the motion deemed submitted (without oral argument) on January 13,

2009 (Docket No. 17).  Plaintiff, however, has not filed a response.

BACKGROUND

This is a Title VII action, in which plaintiff alleges discrimination based upon race, as

well as discrimination under the New York State Human Rights Law, and violations of the Equal

Pay Act and New York Labor Law (see Docket No. 1, Compl.).  Plaintiff had not served his

initial disclosure prior to the Scheduling Conference and, on October 15, 2008, at that conference

---

[1]In support of its motion, defendant filed its attorney's declaration with exhibits, Docket
No. 15.

(see Docket No. 11) plaintiff's counsel there represented that this disclosure would be

forthcoming (Docket No. 15, Def. Atty. Decl. ¶ 2).

On October 23, 2008, defendant served discovery demands, noting that the initial

disclosure had not been served and wrote to plaintiff's counsel on November 12, 2008, repeating

its request for that disclosure (id. ¶¶ 3, 4, Exs. A, B).  Defendant thus filed this motion to compel

immediate production of that initial disclosure, pursuant to Rule 26(a)(1) and 37(a)(2)(A) and

(a)(4)(A)[2] (Docket No. 14).

## DISCUSSION

Discovery under the Federal Rules is intended to reveal relevant documents and

testimony, but this process is supposed to occur with a minimum of judicial intervention.  See

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

§ 2288, at 655-65 (Civil 2d ed. 1994).  Unless otherwise exempted by the Federal Rules, a party

"must, without awaiting a discovery request" provide certain initial disclosures to the opponent,

Fed. R. Civ. P. 26(a)(1)(A) (effective Dec. 1, 2007).  Initial disclosure includes producing the

names, known addresses and telephone numbers of persons having discoverable information, "a

copy–or a description by category and location–of all documents, electronically stored

information, and tangible things that the disclosing party has in its possession, custody, or control

and may use to support its claims or defenses," and a computation of damages, Fed. R. Civ.

P. 26(a)(1)(A)(i), (ii), (iii).  Federal Rule of Civil Procedure 37(a) allows a party to apply to the

Court for an Order compelling disclosure, Fed. R. Civ. P. 37(a)(3)(A) (effective Dec. 1, 2007),

with that motion including a certification that the movant in good faith conferred or attempted to

---

[2]Currently Rule 37(a)(3)(A) and (a)(5)(A) (effective Dec. 1, 2007).

confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(1).

Here, plaintiff failed to make these initial disclosures despite representations that such disclosures would be provided.  Plaintiff did not explain this failure to produce and did not respond to this motion to compel.  Defendant fulfilled its obligation to certify its good faith efforts in attempting to obtain this disclosure short of the present motion.  Thus, defendant's motion to compel is **granted**; plaintiff **shall immediately produce** his initial disclosures in accordance with Rule 26(a).

As the prevailing movant for a discovery motion, under Rule 37(a)(5)(A) and (a)(3)(A) (party seeking disclosure may move to compel and for appropriate sanctions) defendant is entitled to recover its reasonable motion expenses (including attorney's fees).  Defense counsel shall file an application for recovery of these reasonable expenses within **ten (10) days** of entry of this Order.

### CONCLUSION

For the reasons stated above, defendant's motion to compel plaintiff to produce initial disclosure (Docket No. 14) is **granted**.  Defendant's motion for reimbursement of its reasonable motion expenses, including attorney's fees is also **granted**; defendant is to submit an affidavit of

its reasonable costs associated with this motion within **ten (10) days of entry of this Order** and

the Court will determine the amount of those reasonable costs.

     So Ordered.

                                                _/s/ Hugh B. Scott_

                                                Honorable Hugh B. Scott
                                                United States Magistrate Judge

Dated: Buffalo, New York
        January 14, 2009