UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID COOPER,

                Plaintiff,

**Hon. Hugh B. Scott**

v.

08CV468S

**Order**

NIAGARA COMMUNITY ACTION PROGRAM,

                Defendant.

Before the Court was defendant's motion to compel production of plaintiff's initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(effective Dec. 1, 2007), and for reimbursement of its reasonable motion expenses, including attorney's fees, pursuant to Rule 37(a) (Docket No. 14[1]). This Court granted defendant's motion (Docket No. 19) and ordered that defendant submit an application for its reasonable motion expenses within ten days of entry of that Order (id. at 3, 4).

Defendant has submitted a timely application through its attorney's declaration (Docket No. 20), which is now before the Court. The Court then allowed plaintiff to file a response to this application by January 26, 2009, and deemed the application submitted on that date (Docket No. 21), but plaintiff did not respond to this application.

---

[1]In support of its motion, defendant filed its attorney's declaration with exhibits, Docket No. 15.

BACKGROUND

This is a Title VII action, in which plaintiff alleges discrimination based upon race, as well as discrimination under the New York State Human Rights Law, and violations of the Equal Pay Act and New York Labor Law (see Docket No. 1, Compl.). Plaintiff had not served his initial disclosure prior to the Scheduling Conference and, on October 15, 2008, at that conference (see Docket No. 11) plaintiff's counsel there represented that this disclosure would be forthcoming (Docket No. 15, Def. Atty. Decl. ¶ 2).

On October 23, 2008, defendant served discovery demands, noting that the initial disclosure had not been served and wrote to plaintiff's counsel on November 12, 2008, repeating its request for that disclosure (id. ¶¶ 3, 4, Exs. A, B).

*Fee Application*

Defendant here claims $266.50 in attorney's fees as the reasonable motion expenses incurred in making its motion to compel, with counsel claiming a total of 1.3 hours in drafting the moving papers, at a rate of $205 per hour (Docket No. 20, Def. Atty. Decl, ¶ 3, Ex. A). Defense counsel does not state her relative experience and experience in federal court to justify the $205 per hour rate stated.

DISCUSSION

I.      Reasonable Motion Expenses

Under Federal Rule of Civil Procedure 37, the movant is entitled to recover its reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v.

Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here). In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.

Here, plaintiff failed to make these initial disclosures despite representations that such disclosures would be provided. Defendant as the prevailing movant for a discovery motion is entitled to recover its reasonable motion expenses (including attorney's fees) under Rule 37(a)(5)(A) and (a)(3)(A) (party seeking disclosure may move to compel and for appropriate sanctions). The present issue is whether the amount of time claimed and the rate charged for that time by defense counsel is reasonable for a motion to compel otherwise

automatic initial disclosure. Absent any response or opposition by plaintiff, however, defendant's application is deemed **reasonable**.

II.     Party Responsible

One last issue is which party, plaintiff or his counsel or both, should be responsible for these moving expenses. Under the Federal Rules, the attorney may also be held responsible even if he is not a litigant in the action for the manner in which discovery is conducted. Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007). Attribution of the sanction was not raised by defendant. There is no indication in the record that plaintiff or his counsel is more at fault for failing to provide initial disclosure. Therefore, **both plaintiff and his counsel jointly** are responsible for paying the reasonable motion costs set forth in this Order.

## CONCLUSION

For the reasons stated above, defendant's fee application (Docket No. 20) for its previous motion to compel plaintiff to produce initial disclosure (Docket No. 14) is **granted**; defendant is entitled to recover $**266.50** payable **jointly by plaintiff and his counsel**. The Court finds that this amount is a reasonable amount for motion expenses.

So Ordered.

                                                         */s/ Hugh B. Scott*
                                                         Honorable Hugh B. Scott
                                                         United States Magistrate Judge

Dated: Buffalo, New York
           February 6, 2009