UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID COOPER,

                Plaintiff,

                            **Hon. Hugh B. Scott**

                v.

                            08CV468S

                            **Order**

NIAGARA COMMUNITY ACTION PROGRAM,

                Defendant.

     Before the Court is defendant's second motion to compel (Docket No. 22[1]), this time seeking production of documents (see Docket No. 23, Def. Atty. Decl. ¶ 2, Ex. A), including recovering of reasonable motion expenses (in particular attorney's fees), pursuant to Rule 37(a).

     Responses to this motion were due by February 24, 2009, and any reply was due by March 3, 2009, with the motion deemed submitted (without oral argument) on March 3, 2009 (Docket No. 25). Since plaintiff did not respond (as he did not in a previous motion (cf. Docket No. 19, Order at 1) or fee application resulting from that motion (cf. Docket No. 26, Order at 1), the Court deemed the motion submitted as of February 25, 2009.

                            BACKGROUND

     Familiarity with the prior Order to compel (Docket No. 19; see also Docket No. 26, Order awarding motion expenses) is presumed.

---

      [1]In support of this motion, defendant filed its attorney's declaration with exhibits, Docket No. 23.

This is a Title VII action in which plaintiff alleges discrimination based upon race, as well as discrimination under the New York State Human Rights Law and violations of the Equal Pay Act and New York Labor Law (see Docket No. 1, Compl.).

On October 23, 2008, defendant served discovery demands and wrote to plaintiff's counsel on December 15, 2008, repeating its request for that discovery (Docket No. 23, Def. Atty. Decl. ¶¶ 2, 3, Exs. A, B).  Defense counsel e-mailed on January 5, 2009, repeating her request that the discovery requests be responded to (id. ¶ 4).

Defendant earlier moved to compel production of initial disclosure under Rule 26(a)(1) (Docket No. 14), which was granted (Docket No. 19; see also Docket Nos. 20, 21, 26 (recovery of motion expenses)).  In the present motion, defendant now seeks production of documents and other materials (Docket No. 22).  Defendant asserts good faith efforts to obtain this discovery short of motion practice (see Docket No. 23, Def. Atty. Decl. ¶¶ 2-4, Ex. B) to no avail, (id. ¶ 5).

DISCUSSION

*Production of Discovery*

Again, discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling disclosure, Fed. R. Civ. P. 37(a)(3)(B) (effective Dec. 1, 2007), with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(1).

Here (as with his initial disclosure), plaintiff failed to respond to defendant's document production requests, but without even representations that such production would be forthcoming.  Plaintiff did not explain this failure to produce and did not respond to this motion to compel.  Defendant fulfilled its obligation in certifying its good faith efforts in attempting to obtain this disclosure short of the present motion (see Docket No. 23, Def. Atty. Decl. ¶¶ 2-4, Ex. B).  Thus, defendant's motion to compel is **granted**; plaintiff **shall immediately produce** responses to defendant's document production requests.

Again as the prevailing movant for a discovery motion (cf. Docket Nos. 19, 26), under Rule 37(a)(5)(A) and (a)(3)(B) (party seeking disclosure may move to compel and for appropriate sanctions) defendant is entitled to recover its reasonable motion expenses (including attorney's fees).  Defense counsel therefore shall file an application for recovery of these reasonable expenses within **ten (10) days** of entry of this Order and plaintiff may file his response to this application within **five (5) days** of filing of the application.  The Court then will determine the appropriate amount for defendant's recovery and the party responsible for the sanction.

CONCLUSION

For the reasons stated above, defendant's motion to compel plaintiff to produce documents (Docket No. 22) is **granted; plaintiff is to produce the responsive materials forthwith**.  Defendant's motion for reimbursement of its reasonable motion expenses, including attorney's fees is also **granted**; defendant is to submit an affidavit of its reasonable costs associated with this motion within **ten (10) days of entry of this Order**, and plaintiff may file

his response to this application within **five (5) days** of filing of the application, and the Court will determine the amount of those reasonable costs.

    So Ordered.

                                                             */s/ Hugh B. Scott*  
                                                         Honorable Hugh B. Scott  
                                                         United States Magistrate Judge

Dated: Buffalo, New York  
       March 3, 2009